IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAMON SIMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-13-751-W |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se,* has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner is challenging on due process grounds the punishment imposed upon him in a disciplinary proceeding conducted at Mack Alford Correctional Center ("MACC"). Respondent has responded to the Petition. yPetitioner was advised of his right to reply, but did not do so. *See* ECF No. 13. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for preliminary review, for the entry of orders as to non-dispositive matters, and for the preparation and submission of findings and recommendations as to dispositive matters pursuant to 28 U.S.C. §§ 636(b)(1)(B), 636(b)(1)(C). For the following reasons, it is recommended that the Petition be **DENIED.**

## BACKGROUND

---

[1] Petitioner used the form for petitions for habeas corpus under 28 U.S.C. § 2254; however, it is clear that he is not attacking his underlying conviction, but a disciplinary misconduct proceeding. Accordingly, his action is properly brought under 28 U.S.C. § 2241. *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000).

While incarcerated at the Mack Alford Correctional Center (MACC),[2] Petitioner was charged by Captain K. Crosby for the misconduct offense of possession of marijuana. In the incident staff report, dated March 26, 2012, Captain Crosby stated: "On the above date & approx time while doing a random shake down on Cell 88 Sect 5, I/M Simon ... was taking a shower. I found a AT&T black cell phone and 1.1 gram of a green leafy under the mop head." Petition, Ex. B.

As a result of the misconduct charge, Petitioner was transferred to a segregated housing unit. *Id.* He received a copy of the offense report and requested a hearing. *Id* at Petition, Ex. A. Petitioner was informed of his hearing date, and prior to the hearing date was given a list of the evidence against him, including the drug test results of the green leafy substance. Petition, Ex. B (ECF No. 1-1:3, 4-6).

A disciplinary hearing was conducted on the misconduct charge on April 6, 2012, and Petitioner was found guilty of the offense of possession of contraband. Petition, Ex. C. As evidence to support the guilty finding, the hearing officer cited the following evidence:

> Officer Crosby's statement that on 3–26–12 while shaking down the bathroom on Section 5 she found 1.1 grams of a green leafy substance. Officer Crosby also stated that this offender Simon was the only offender in the bathroom and was taking a shower. The substance was field tested and tested positive as marijuana.

*Id.* Punishment imposed for the misconduct included confinement in the segregated housing unit for 30 days, the loss of 365 earned credits, reduction in classification to

---

[2] Petitioner is currently incarcerated at the Cimarron Correctional Facility in Cushing, Oklahoma.

level one for 90 days, and level one visiting restriction for 180 days. *Id.* MACC Warden Trammell approved the disciplinary decision, and Petitioner received a copy of the hearing report. *Id.*

Petitioner administratively appealed the disciplinary decision, asserting that there was insufficient evidence to support the finding of guilt. Petition, Ex. D. Warden Trammell affirmed the disciplinary decision. *Id.* at Ex. E. Oklahoma Department of Corrections Director's Designee Morton concurred with the decision of the Warden, finding that there was sufficient evidence to support the charge of possession of contraband, and that the punishment imposed was within the allowable sanctions for such an offense. Respondent's Answer, Ex. 7, p. 3.

Petitioner filed a petition for judicial review of the disciplinary decision in the District Court of Oklahoma County pursuant to Okla. Stat. tit. 57, § 564.1. Respondent's Answer, Ex. 9, p. 1. Oklahoma County District Judge Parrish issued a decision denying relief, noting that the incident report, the reporting officer's statement, and the field test results provided "some evidence" to support the disciplinary offense conviction. *Id.* at Ex. 9, p. 3.

The Oklahoma Court of Criminal Appeals combined Petitioner's appeal of the district court's decision concerning the possession of contraband with another challenge to a cell phone possession misconduct arising from the same incident, and affirmed the district court's decision denying his petition for judicial review. Respondent's Answer, Ex. 10.

**SUFFICIENCY OF EVIDENCE TO SUPPORT MISCONDUCT DECISION**

As his sole ground for habeas relief, Petitioner contends that there was not sufficient evidence to support the finding that he committed the misconduct of possession of contraband given the fact that "there are 50–60 other inmates living in this 'dorm' area" any one of which could have placed the contraband under said mop before Petitioner went to take his shower. He also claims that at the time of the marijuana's discovery by a prison guard in the bathroom, Petitioner was in the shower area that is totally separated from the bathroom. Petition, 7. He alleges that because there was no evidence linking him to the contraband, there was no evidence he had dominion, knowledge, or control over it sufficient to find him guilty of the misconduct of possession. Respondent responds that there was more than sufficient evidence to support the finding of guilt of the misconduct offense.

"'It is well settled that an inmate's liberty interest in his earned credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (quoting *Mitchell v. Maynard,* 80 F.3d 1433, 1444 (10th Cir. 1996)); *see Ponte v. Real,* 471 U.S. 491, 495 (1985)). However, because prison disciplinary proceedings "are not part of a criminal prosecution," inmates are not entitled to the full extent of the due process rights due to a defendant at a criminal trial. *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). To satisfy due process in a prison disciplinary proceeding, "the inmate must receive (1) advance written notice of the disciplinary charges; (2) an opportunity,

when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst. v. Hill,* 472 U.S. 445, 454 (1985).

The revocation of earned credits must also be supported by "some evidence" in the record. *Id.* "The 'some evidence' standard is not exacting." *Mendoza v. Tamez,* 451 Fed.Appx. 715, 717 (10th Cir. 2011) (unpublished op.). Rather, there must be only a "modicum of evidence" sufficient to support the disciplinary decision resulting in the loss of earned credits. *Id.* at 455. "A disciplinary ... decision can be upheld by a reviewing court even if the evidence supporting the decision is meager." *Howard,* 487 F.3d at 812 (internal quotations and citation omitted).

In this case, the undersigned finds that there was "some evidence" to support the imposition of punishment for the finding of guilt in the disciplinary proceeding. Obviously, the hearing officer found Petitioner guilty based on a constructive possession theory because of Petitioner's physical proximity to the contraband in the bathroom and the guard's statement that no other inmates were in the immediate area when it was found.

A theory of constructive possession in the disciplinary context does not require the same evidentiary foundation as would be required in the context of a criminal trial. *See id.* (finding some evidence to support disciplinary finding of guilt, on constructive possession theory, for possession of drug paraphernalia when contraband was found

among inmate's legal papers confiscated during his administrative detention). In this case, because no inmate except Petitioner was present in the bathroom at the time the contraband was found in the bathroom by a prison guard, there was some evidence to support the disciplinary decision. Therefore, Petitioner is not entitled to habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED.** The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of Court by **April 10, 2014,** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation **terminates the referral** by the District Judge in this matter.

**ENTERED** on March 24, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE