IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

APR 2 2 2014

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

RAMON SIMON, )
)
Petitioner, )
)
vs. ) No. CIV-13-751-W
)
JUSTIN JONES, Director, )
)
Respondent. )

## ORDER

On March 24, 2014, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Ramon Simon, proceeding pro se, be denied. Simon was advised of his right to object, see Doc. 14 at 6, but no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of this matter. As his only ground for relief, Simon has challenged the punishment imposed as a result of a guilty finding after a disciplinary hearing was conducted at Mack Alford Correctional Center. Simon has argued that since there was no link or connection between him and 1.1 grams of a leafy green substance found under a mop head, see Doc. 1-1 at 2, and since he had no knowledge of, or dominion or control over, the same, there was insufficient evidence to support the finding that he committed the misconduct of Possession of Marijuana/Possession of Contraband. See id. at 1, 3.

Punishment imposed for the misconduct included confinement in the segregated housing unit for 30 days, loss of 365 earned credits, reduction in classification to Level I

for 90 days and Level I visiting restriction for 180 days. See id. Simon unsuccessfully appealed the disciplinary decision administratively, see id. at 7-10, and in state court. E.g., Simon v. Department of Corrections, No. CV-2012-1667 (Okla. District Court November 20, 2012); Simon v. Oklahoma Department of Corrections, No. REC-2012-1101 (Okla. Crim. May 2, 2013).

The revocation of earned credits must be "supported by some evidence in the record," Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985), to "comport with 'the minimum requirements of procedural due process.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). That standard has been met in this case. E.g., id. (standard is met if there was some evidence from which conclusion of administrative tribunal could be deduced).

"The 'some evidence' standard is not exacting." Whitmore v. Parker, 424 Fed. Appx. 227, 234 (10th Cir. 2012)(quotation omitted)(cited pursuant to Tenth Cir. R. 32.1). Rather, there must only be "a modicum of evidence to support," Superintendent, 474 U.S. at 455, the disciplinary decision resulting in the loss of earned credits. E.g., Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir.1996)(disciplinary decision will be upheld even if evidence is "meager"). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witness, or weighing of the evidence." Superintendent, 472 U.S. at 455.

In this case, there was "some evidence" of guilt; Simon is therefore not entitled to the request he has requested. See Simon v. Jones, 2014 WL 26462 *1 (10th Cir. 2014)(citations omitted)(defendants made logical inference from the evidence that because Simon was the only inmate in the bathroom, the items were his; due process requires no

2

more in the prison administrative context).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 14] filed on March 24, 2014;

(2) DENIES Simon's Petition [Doc. 1] file-stamped July 19, 2013; and

(3) ORDERS that judgment issue in favor of respondent Justin Jones, Director.

ENTERED this 22nd day of April, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE